Michael Edward SMITH, Petitioner–Appellant,

v.

John RATTELLE, Respondent–Appellee.

No. 98–56193.

D.C. No. CV–96–02156–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

### MEMORANDUM **

California state prisoner Michael Edward Smith appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1991 conviction of first degree murder. Pursuant to the district court's certificate of appealability (COA) and this court's expanded COA, Smith raises four contentions. We review de novo the district court's denial of the petition and affirm.

■ The reading of the testimony of Keith Lugo, Smith's co-defendant in an earlier trial, did not violate Smith's Sixth Amendment rights. Lugo's conviction was on appeal at the time of Smith's trial and Lugo retained his Fifth Amendment privilege. *See People v. Fonesca,* 36 Cal. App.4th 631, 635–637, 42 Cal.Rptr.2d 525 (1995). Lugo's statements were made under oath and Smith had an adequate opportunity to cross-examine Lugo and impeach his credibility during the earlier trial. *See Ohio v. Roberts,* 448 U.S. 56, 64–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *United States v. Koon,* 34 F.3d 1416, 1426 (9th Cir.1994), *aff'd in part, rev'd in part on other grounds,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

There is no evidence that the prosecution knowingly presented false testimony from Lugo. Lugo's credibility was an issue explored at trial and properly determined by the jury. *United States v. Zuno–Arce,* 44 F.3d 1420, 1423 (9th Cir.1995).

Smith claims that the trial court violated his constitutional rights by combining the jury instructions for the defense of duress and necessity, even though he never presented the defense of necessity at trial. Any error in the jury instruction concerning duress does not warrant habeas relief because it did not have "a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abraham-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

son, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The given instruction advised the jury that Smith could not be guilty of first degree murder if it believed he was not acting with malice because of duress or coercion. The jury's first degree murder verdict necessarily determined that Smith acted with malice when he stabbed Robert Ridgewell.

█ Smith asserts that he was denied effective assistance of counsel because counsel failed to request a proper duress instruction and failed to object to inadmissable expert witness opinion. Smith's counsel did request the proper duress instruction. Moreover, Smith was not prejudiced by the instruction that was given. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Smith's counsel objected to the proposed expert testimony on the grounds that it was irrelevant, but not that it was speculative. Even assuming that the failure to object on that ground was error, Smith has not shown prejudice because he cannot establish a reasonable probability that the result of the trial would have been different. *Wilson v. Henry,* 185 F.3d 986, 988 (9th Cir.1999).

AFFIRMED[1]

---

1. Smith's motion to consider additional new authority is granted.

